"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUNG KIM, | ) Case No. CV 00-07392 (AN) |
| Plaintiff, | ) ORDER AWARDING ATTORNEY FEES |
| vs. | ) PURSUANT TO 42 USC § 406(b) |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

Now pending before the Court and ready for decision is the motion of plaintiff's counsel, Brian C. Shapiro of the Law Offices of Lawrence D. Rohlfing ("Rohlfing") for attorney fees pursuant to 42 U.S.C. § 406(b) in the gross amount of $11,000.00, less the $3,000.00 of EAJA fees previously paid, for a net fee amount of $8,000.00 ("Motion"). The Commissioner failed to file any response to the Motion, and, pursuant to Local Rule 7-12, the Commissioner is deemed to have consented to the granting of the Motion.

The Court's determination of the Motion is governed by the Supreme Court's recent decision in *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002). There, the Supreme Court resolved a division among the Circuits on the appropriate method of calculating fees under § 406(b). Rejecting the "lodestar method" which several of the Circuits (including the Ninth Circuit) had been applying, the Supreme Court held:

"§ 406(b) does not displace contingent-fee agreements as the primary means by

1 which fees are set for successfully representing Social Security benefits claimants
2 in court. Rather, § 406(b) calls for court review of such arrangements as an
3 independent check, to assure that they yield reasonable results in particular cases.
4 Congress has provided one boundary line: Agreements are unenforceable to the
5 extent that they provide for fees exceeding 25 percent of the past-due benefits. . .
6 . Within the 25 percent boundary, . . . the attorney for the successful claimant must
7 show that the fee sought is reasonable for the services rendered."
8 535 U.S. at 807, 122 S. Ct. at 1828.

In determining whether the $11,000.00 award sought by Rohlfing is reasonable for the services rendered in the proceedings before this Court, the Court has considered the following:

1. Under the terms of the contingent fee agreement between plaintiff and Rohlfing, Rohlfing would be entitled to fees corresponding to 25% of the back benefits awarded. Plaintiff agreed to the 25% contingency. The Court has no basis for finding that there was any fraud or overreaching by Rohlfing in the making of the contingent fee agreement with plaintiff.

2. The amount that Rohlfing seeks is 16.47% of the gross amount of back pay that was awarded ($66,777.50).[1] Thus, the $11,000.00 award sought by Rohlfing is well within the 25% "boundary" and considerably less than the total amount of fees that plaintiff agreed to pay Rohlfing under the terms of the contingent fee agreement.

3. The high quality of the representation provided in this case by Rohlfing is evidenced by the fact that, in the face of an adverse ALJ decision, Rohlfing filed the complaint, and prepared arguments for the plaintiff's motion for summary judgment. After the Court's consideration of the parties' contentions, the Court remanded for further administrative proceedings. On remand, the Commissioner issued a favorable decision and effectuated plaintiff's application for benefits, entitling him to receive over $66,000.00 in retroactive

---

[1] The Notice of Award dated December 3, 2005 does not set forth the actual amount of back pay that was awarded but it does set forth the monthly amounts awarded during the closed period. [Motion at 2; Decl. of Shapiro ¶ 4, Ex. 3.] The notice does not indicate whether 25% would be withheld, however, the Commissioner has not indicated anything to the contrary.

benefits. [Motion, Decl. of Shapiro ¶¶ 3, 4, Ex. 2 and 3.]

4. This is not an instance where, due to excessive delay attributable to plaintiff's counsel, the back benefits accumulated during the pendency of the case in court.

5. According to the economic data provided by Rohlfing, the median hourly rate in 2000 for the proprietor of a small law firm of 12 or less attorneys in California was $250. The upper quartile rate was $288, and the ninth decile (i.e., upper 10%) rate was $336. For associates, the corresponding rates were $165, $193 and $250.

For paralegals, the corresponding rates were $87, $100 and $120. [Motion, Decl. of Shapiro, ¶6, Ex. 5.]

6. Rohlfing adjusts these rates for inflation to $366.54, $272.72, and $130.91, respectively.[2] [Motion at 9:5-6.] Although Rohlfing has not presented evidence of the law firm's normal hourly billing charges for non-contingency fee cases, the Court finds that it would not be unreasonable for a law firm having the same degree of experience, expertise and reputation in the legal community as Rohlfing to have normal hourly billing charges in the ninth decile range. If computed at the ninth decile rates adjusted for inflation the [18.8] hours of attorney time plus 4.5 hours of paralegal time correspond to total hourly fees of $5,716.23. [See Motion at 9:17-21.]

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[2] The Court uses the adjusted rates found in the Motion, rather than in the Declaration of Brian C. Shapiro, where Shapiro appears to use outdated adjustments. [Motion, Decl. of Shapiro, ¶6.]

1     7.     The award sought by Rohlfing in this Court is more than the hourly fee figure, but considerably less than the 25% of the retroactive benefit amount. Indeed, Rohlfing seeks slightly less than 17% of the total retroactive benefit amount.

       Based upon the foregoing considerations, the Court finds and concludes that the $11,000.00 in fees sought by Rohlfing for services rendered before this Court is reasonable. Therefore, the Motion is GRANTED. Rohlfing has already been paid $3,000.00 in EAJA fees, therefore, Rohlfing is entitled to be paid net fees of $8,000.00.

       IT IS SO ORDERED.

DATED:  April 24, 2006          /s/ Arthur Nakazato
                                ARTHUR NAKAZATO
                                UNITED STATES MAGISTRATE JUDGE